DATE: August 28th/2015

This document contains some pages that are of poor quality at the time of imaging.

TO: OFFICE OF THE Clerk
    COURT OF Criminal APPeals
      STATE OF TEXAS
      BOX 12308
    AustIN, TEXAS 78711-2308

X  IN RE: EX PARTE,
X
X     Richard MAXEY
X     TDCJ-ID # 1899548
X     PLAINTIFF/RELATOR, ProISE
X
X  Plaintiff's Original Application for WRIT
X  OF MANDAMUS
X

Dear Clerk,

    Enclosed Please find, the Original And one Copy of I, Richard MAXEY, TDCJ-ID # 1899548, Plaintiff/Relator, ProISE, in the Above-Entitled And Numbered Cause No. 10-01864-CRF-85 CNT.1, 'Plaintiff's Original Application for WRIT of Mandamus', the Required Attachments And Services According to Applicable Rule, Which I Ask that you file of Record on MY behalf And in Proper form.

    By Copy of this Process, Please MAKE Available Same to ALL Parties involved STAMPED Filed And Returned.

CC BY: RM.
DATE: August 28TH/2015
TO: TX. CRT. Crim. AppL., Clerk
    AustIN, TX. 78711-2308
   File:

Respectfully Submitted:
Richard Maxey
Richard MAXEY
TDCJ-ID # 1899548
Pack Unit TC 2-82
2400 Wallace Pack Rd.
NAVASOTA, TX. 77868

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 0 1 2015

Abel Acosta, Clerk

Richard Maxey
TDCJ-ID #1899548
Plaintiff - Relator / Pro-se -

vs.

Brazos County District Clerk,
Marc Hamlin
In His Official Capacity
- Respondent -

x In the 85th Judicial District Court
x Of Brazos County, Texas
x
x Cause No. 10-01864-CRF-85 Cont 1
x
x Plaintiff's Original Petition / Application
x For Writ of Mandamus
x
x

---

(A). Plaintiff's Original Application For Writ of Mandamus

To The Honorable Judge of Said Court:

Comes Now I, Richard Maxey, TDCJ-ID #1899548, Plaintiff-Relators, Pro Se, in the Above-Entitled and Numbered Cause of Action And Files this Original Application For Writ of Mandamus And Pursuant to Article 11.07 Section (3). of the Texas Code of Criminal Procedure, And Would Respectfully Show the Court As follows: ----

(I).

(B). Relator

(1.01). I, Richard Maxey, TDCJ-ID #1899548, is An Offender ---
Incarcerated in the Texas Department of Criminal Justice And is Appearing Pro Ise, Who Can be Located At Pack I Unit, 2400 Wallace Pack Road, Grimes County, Navasota, Texas 77868.

(1.02). Relator has Exhausted his Remedies And has No Other Adequate Remedy At Law.

PG (1).

(1.03). The Act Sought to be Compelled is Ministerial, Not discretionary in Nature. TCCP Art. 11.07 Section 3(c) requires Respondent to immediately transmit to the Court of Criminal Appeals a copy of the Application for Writ of Habeas Corpus, any Answers filed, and a Certificate Reciting the date upon which that finding was made, if the convicting court decides that there are no issues to be Resolved. No copy of the Application for Writ of Habeas Corpus, any Answers filed and a Certificate Reciting the date upon which that finding was made have been transmitted to the Court of Criminal Appeals by Respondent as Required by Statute. Had Such documents been transmitted to the Court of Criminal Appeals by Respondent as Required by Statute, Relator Would have Recieved Notice from the Court of Criminal Appeals.

(II).

(C.) Respondent

2.01 Respondent, Marc Hamlin, in his Capacity as District Clerk of Brazos County, Texas has a Ministerial duty to Recieve and file all Papers in a Criminal Proceeding and Perform all other duties imposed on the Clerk by Law Pursuant to TCCP Art. 2.21, and is Responsible under TCCP 11.07 Sec 3(c) to immediately transmit to the Court of Criminal Appeals a copy of the Application for Writ of Habeas Corpus, any Answers filed, and a Certificate Reciting the date upon which that finding was made if the convicting Court decides that there are no issues to be Resolved. ___ Marc Hamlin, District Clerk, Brazos County may be Served at his Place of business at 300 E. 26th St. Suite 1200, Bryan, Texas 77803.

PG(2).

(D) <u>Violation of Article 11.07 of the Texas Code of Criminal Procedure</u>

(3.01). The Respondent Violated Article 11.07 3(c). of the Texas Code of Criminal Procedure by failing to Provide a copy of the Application for Writ of habeas Corpus, Any Answers filed, and a Certificate Reciting the date Upon Which that finding was made to the Court of Criminal Appeals Within the time Prescribed by Law and Within Reasonable time from the date on Which the documents Were Requested to be transmitted.

(3.02). Request for the transmittal of the Application for Writ of habeas Corpus, Any Answers filed, and a Certificate Reciting the date Upon Which that finding Was made Were made by Relator to <u>Marc Hamlin</u>, District Clerk, <u>Brazos</u> County by Certified Mailed Letter dated <u>7/22/2015</u>, Pursuant to Article 11.07 Section 3(c). of the Texas Code of Criminal Procedure, A True and Accurate copy of the Above Letter is Attached hereto As Exhibit <u>"A"</u> 'Supporting Mandamus Application' And is incorporated by Reference herein for All Purposes.

(3.03). To date, Relator has Recieved no Response from Respondent Regarding Relator's Request for transmittal of A Copy ~~the~~ of the Application for Writ of habeas Corpus, Any Answers filed And a Certificate Reciting the date Upon Which that finding Was made to the Court of Criminal Appeals. ___
Please Note: Relator is Not Finansially Able to Cerify Additional Request Letters to <u>Marc Hamlid</u>, District Clerk, Brazos County And Prays this honorable Court Will take this into Consideration.

(3.04). As is clear from Relator's Letter, Relator has on Notice to Respondent Properly informed Respondent, that Relator Seeks by Rule the transmittal of a copy of the application for Writ of habeas Corpus, any answers filed, and a Certificate Reciting the date upon which that finding was made to the the Court of Criminal Appeals and that Such Records are Required by the Court of Criminal Appeals to Act on Relator's Writ of habeas Corpus. Relator has gone well beyond any Requirement or obligations imposed upon him by the Texas Code of Criminal Procedure. In Contrast to Relators Efforts, Respondent has Wholly failed to Comply With the Texas Code of Criminal Procedure, Article 11.07 Section 3(c), is Acting in bad faith and has Also failed to Afford Relator the Professional and Common Courtesy of any Written Response to his Correspondence and Requests, other than Certified Letter was filed 8/3/15.

(3.05). Article 11.07 Section 3(c) Clearly States that "if the Convicting Court desides that there are No Such issues, the CLERK SHALL immediately transmit [Emphasis added] to the Court of Criminal Appeals a Copy of any Application, any answers filed, and a Certificate Reciting the date upon which that finding was made. Failure of the Court to Act Within the allowed 20 days Shall Constitute Such a finding". Texas Code of Criminal Procedure Article 11.07 Sec. 3(c).. Respondent is in Violation of this Procedure, Ministerial duties And this thus the Laws of this State.

PG(4).

# (IV).

## (1) PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, RELATOR, Richard Maxey, Pro-Se, RESPECTFULLY REQUESTS A finding that Respondent did NOT transmit documents to the Court OF Criminal Appeals Within A REASONABLE time After the date they WERE REQUESTED And that Relators Good Faith Efforts by this Litigation has SubsTANTIALLY PREVAILED.

RELATOR PRAYS for AN ORDER directing Respondent to transmit A COPY of the APPLICATION for WRIT OF Habeas Corpus, ANY ANSWERS filed, And A CERTIFICATE Reciting the date UPON Which that finding WAS MADE to the Court OF Criminal APPEALS AS directed IN ARTICLE 11.07 SECTION 3(C). OF the TEXAS Code of Criminal Procedure And AS REQUESTED IN EXHIBIT "A" LETTER ATTACHED HERE to. __ BE SO PRAYED ____

RESPECTFULLY Submitted:

Richard Maxey

Richard Maxey
TDCJ-ID #1899548
Plaintiff / Relator, Pro-Se

PG (5).

Richard Maxey
TDCJ-ID #1899548
Plaintiff-Relator, ProSe
vs.
Brazos County District Clerk
Marc Hamlin
In His Official Capacity
- Respondent -

x In The 85th Judicial District Court
x Of Brazos County, Texas
x
x Cause No. 10-01864-CRF-85 Cnt 1
x
x Plaintiffs Original Petition/Application
x For Writ of Mandamus
x

## ORDER

On this day, Came on to be Heard the foregoing Relators Application for Writ of Mandamus and it Appears to the Court, that Same Should be: _____ Granted _____ Denied.

It is further Ordered that the District Clerk Shall immediately transmit to the Court of Criminal Appeals a Copy of the Application for Writ of Habeas Corpus, any answers filed and a Certificate Reciting the date upon which that transmittal was made.

Signed on this the _____ day of _____ , 20 ___

_____
Presiding Judge

Pg (6).

## CERTIFICATE OF SERVICE

Pursuant to _Duncan v. Fate_ 828 F.2d. 297 (5ª cir. 1987) I declare under the Penalty of Perjury that the foregoing and herein is TRUE and CORRECT.

Executed on this 28th day of August /2015

CC By: RM
Date: August 28th /2015
To: Hon. ABEL ACOSTA, Clerk
     Tx. Ct. Crim. Appl., Austin Tx.
   File:

Respectfully Submitted:
_Richard Maxey_
Richard Maxey
TDCJ-ID #1899548
   Pack Unit   TL 2-82
2400 Wallace Pack Rd.
   Navasota, Tx. 77868

DATE: August 28th/2015

TO: Office of the Clerk
Court of Criminal Appeals
State of Texas
Box 12308
Austin, Texas 78711-2308

X IN RE: Ex Parte,
X Richard Maxey
X TDCJ-ID# 1899548
X Plaintiff/Relator, Pro.se
X
X Plaintiff's Original Application for Writ
X of Mandamus
X
V

Dear Clark,

Enclosed Please find, the Original and one Copy of I, Richard Maxey, TDCJ-ID# 1899548, Plaintiff/Relator, Pro.se, in the Above-Entitled and Numbered Cause No. 12-01864-CRF-85 Cnt.1, 'Plaintiff's Original Application for Writ of Mandamus', the Required Attachments and Services According to Applicable Rule Which I Ask that you file of Record on my behalf and in Proper form.

By Copy of this Process, Please Make Available Same to All Parties involved STAMPED Filed And Returned.

CC BY: R.M.
Date: August 28th/2015
TO: Tx. Crt. Crim. Appl., Clark
Austin, TX. 78711-2308
File:

Respectfully Submitted:
Richard Maxey
Richard Maxey
TDCJ-ID# 1899548
Pack Unit TC 2-82
2400 Wallace Pack Rd.
Navasota, TX. 77868

Richard Maxey
TDCJ-ID # 1899548
Plaintiff - Relator / Pro-se -
Vs.

Brazos County District Clark,
Marc Hamlin
In His Official Capacity
- Respondant -

x In THE 85th Judicial District Court
x OF Brazos County, Texas
x
x
x Cause No. 10-01864-CRF-85 Cnt 2
x
x Plaintiff's Original Petition / Application
x For Writ of Mandamus
x
x

(A).  **Plaintiff's Original Application For Writ of Mandamus**

To THE Honorable Judge of Said Court:

Comes Now I, Richard Maxey, TDCJ-ID # 1899548, Plaintiff-Relators, Pro-se, in the Above-Entitled and Numbered Cause of Action And files this Original Application For Writ of Mandamus and Pursuant to Article 11.07 Section (3). of the Texas Code of Criminal Procedure, And Would Respectfully Shew the Court As follows: - - -

(I).

(B). **Relator**

(1.01). I, Richard Maxey, TDCJ-ID # 1899548, is An Offender - - - Incarcerated in the Texas Department of Criminal Justice And is Appearing Pro-se, Who Can be Located AT Pack I Unit, 2400 Wallace Pack Road, Grimes County, Navasota, Texas 77868.

(1.02). Relator has Exhausted his Remedies And has No Other Adequate Remedy AT Law.

PG(1).

(1.03). The Act Sought to be Compelled is Ministerial, Not discretionary in Nature. TCCP Art. 11.01 Section 3(c), Requires Respondent to immediately transmit to the Court of Criminal Appeals A Copy of the Application for Writ of Habeas Corpus, Any Answers filed, And A Certificate Reciting the date Upon which that finding was made, if the Convicting Court decides that there are no issues to be Resolved. No Copy of the Application for Writ of habeas Corpus, Any Answers filed and A Certificate Reciting the date Upon Which that finding was made have been transmitted to the Court of Criminal Appeals by Respondent As Required by Statute. Had Such documents been transmitted to the Court of Criminal Appeals by Respondent As Required by Statute, Relator Would have Recieved Notice from the Court of Criminal Appeals.

(II).

(C.) Respondent

2.01 Respondent, Marc Hamlin, in his Capacity As District Clerk of Brazos County, Texas has A Ministerial duty to Recieve And file All Papers in A Criminal Proceeding And Perform All Other duties imposed on the Clerk by Law Pursuant to TCCP Art. 2.21, and is Responsible Under TCCP 11.07 Sec 3(c) to immediately transmit to the Court of Criminal Appeals A Copy of the Application for Writ of habeas Corpus, Any Answers filed, And A Certificate Reciting the date Upon Which that finding was made if the Convicting Court decides that there are no issues to be Resolved.___ Marc Hamlin, District Clerk, Brazos County May be Served At his Place of business At 300 E. 26th St. Suite 1200, Bryan, Texas 77803.

PG(2).

(D.) Violation of Article 11.07 of the Texas Code of Criminal Procedure

(3.01). The Respondent Violated Article 11.07 3(c). of the Texas Code of Criminal Procedure by failing to Provide A Copy of the Application for Writ of habeas Corpus, any Answers filed, and A Certificate Reciting the date Upon Which that finding was made to the Court of Criminal Appeals Within the time Prescribed by Law and within Reasonable time from the date on Which the documents were Requested to be transmitted.

(3.02). Request for the transmittal of the Application for Writ of habeas Corpus, any Answers filed, and A Certificate Reciting the date upon Which that finding was made were made by Relator to Marc Hamlin, District Clerk, Brazos County by Certified Mailed letter dated 1/20/2015, Pursuant to Article 11.07 Section 3(c). of the Texas Code of Criminal Procedure. A True and Accurate Copy of the Above Letter is Attached hereto As Exhibit "A" "Supporting Mandamus Application" And is incorporated by Reference herein for All Purposes.

(3.03). To date, Relator has Recieved No Response from Respondent Regarding Relator's Request for transmittal of A Copy of the Application for Writ of habeas Corpus, Any Answers filed And A Certificate Reciting the date Upon Which that finding was made to the Court of Criminal Appeals. ___
  Please Note: Relator is Not finnancially Able to Certify Additional Request Letters to Marc Hamlin, District Clerk, Brazos County, and Prays this honorable Court will take this into Consideration.

(3.04). As is clear from Relator's Letter, Relator has on Notice to Respondent Properly informed Respondent, that Relator seeks by Rule the transmittal of a copy of the application for Writ of Habeas Corpus, any answers filed, and a Certificate Reciting the date upon which that finding was made to the the Court of Criminal Appeals and that such Records are Required by the Court of Criminal Appeals to Act on Relator's Writ of Habeas Corpus. Relator has done well beyond any Requirement or Obligations imposed upon him by the Texas Code of Criminal Procedure. In Contrast to Relators Efforts, Respondent has Wholly failed to Comply with the Texas Code of Criminal Procedure, Article 11.07 Section 3(c), is Acting in bad faith and has also failed to Afford Relator the Professional and Common Courtesy of any Written Response to his Correspondence and Requests, other than Certified Letter was filed 8/3/15.

(3.05). Article 11.07 Section 3(c) Clearly States that "if the Convicting Court desides that there are no such issues, the CLERK SHALL IMMEDIATELY TRANSMIT [Emphasis Added] to the Court of Criminal Appeals a copy of any application, any answers filed, and a Certificate Reciting the date upon which that finding was made. Failure of the Court to Act within the Allowed 20 days Shall Constitute Such a finding". Texas Code of Criminal Procedure Article 11.07 Sec. 3(c).. Respondent is in Violation of this Procedure, Ministerial duties and thus the laws of this State.

PG(4).

## (IV).

### (D) Prayer For Relief

Wherefore, Premises Considered, Relator, Richard Maxey, ProSe, Respectfully Requests a finding that Respondent did not transmit documents to the Court of Criminal Appeals within a Reasonable time After the date they were Requested and that Relators Good Faith Efforts by this Litigation has Substantially Prevailed.

Relator Prays for an Order directing Respondent to transmit a Copy of the Application for Writ of Habeas Corpus, Any Answers filed, And a Certificate Reciting the date Upon Which that finding was Made to the Court of Criminal Appeals As directed in Article 11.07 Section 3(c). of the Texas Code of Criminal Procedure And As Requested in Exhibit "A" Latter Attached here to. _ Be So Prayed _ _ _ _

Respectfully Submitted:

Richard Maxey

Richard Maxey

TDCJ-ID 1899548

Plaintiff / Relator, Pro-Se

Pg (5).

Richard Maxey

TDCJ-ID 1899548

Plaintiff-Relator, ProSe

VS.

Brazos County District Clerk

Marc Hamlin

In His Official Capacity

- Respondent -

x In The 85th Judicial District Court

x OF Brazos County, Texas

x

x Cause No. 10-01864-CRF-85 Cnt 1

x

x Plaintiffs Original Petition/Application

x For Writ Of Mandamus

x

## ORDER

On this day, Came on to be heard the foregoing Relators Application for Writ of Mandamus and it Appears to the Court, that Same Should be: _____ Granted _____ Denied.

It is further Ordered that the District Clerk Shall immediately transmit to the Court of Criminal Appeals A Copy of the Application for Writ of Habeas Corpus, Any Answers filed And A Certificate Reciting the date Upon Which that transmittal Was made.

Signed on this the _____ day of _____ /20 _____

_____
Presiding Judge

Pg.(6).

## CERTIFICATE OF SERVICE

Pursuant To Dawson v. Fate 828 F.2d. 297 (5th cir. 1987)
I declare under the Penalty of Perjury that the foregoing and herein is True and Correct.

Executed on this 28th day of August /2015

CC BY: RM
Date: August 28th /2015
To: Hon. Abel Acosta, Clerk
      Tx. Ct. Crim. App., Austin Tx.

File:

Respectfully Submitted:

Richard Maxey
Richard Maxey
TDCJ-ID # 1899548
    Pack Unit TC 2-82
2400 Wallace Pack Rd.
    Navasota, Tx. 77868

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X *M. Cuf*  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

*Michael Wensig*   7-30-16

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

*MARC Hamlin*
*DISTRICT CLERK, BRAZOS CO.*
*300 E. 26th ST. SUITE 1200*
*BRYAN, TX. 77803*

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7013 1090 0001 5343 2454

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

X Richard H. Maxey
Dcf-ID # 1849548
Pcf Unit
2460 Wallace Pcek Rd.
Alvarsoti9, TX 77868
TC 2-82

Brazos County



Marc Hamlin
District Clerk

300 E. 26th St., Suite 1200
Bryan TX 77803
(979) 361-4230
(979) 361-0197 fax

August 03, 2015

MAXEY, RICHARD HENRY, TDCJ# 1899548
Pack Unit TC2-82
2400 Wallace Pack Rd.
Navasota, Texas 77868
Certified Mail Rec# 7014 1200 0002 0701 7532

RE:    Cause No. 10-01864-CRF-85-A
       The State of Texas vs. MAXEY, RICHARD HENRY

Dear Mr. Maxey:

Enclosed herewith is a copy of the Applicants Request for any and all Answers on Application to Writ of Habeas Corpus in the above-numbered and styled cause from Brazos County, Texas.

I appreciate your attention to this matter.

Very truly yours,

Marc Hamlin/VL___
Marc Hamlin,
District Clerk

cc:    Doug Howell, III.
       Assistant District Attorney       HAND DELIVERED

In The 85th Judicial District Court
For Brazos County, Texas
Office of Honorable: MARC HAMLIN
District Clerk

DC FILED
At 4:46 o'clock P M
AUG 0 3 2015
MARC HAMLIN, DIST. CLERK
BRAZOS COUNTY, TEXAS
By _____ Deputy

In Re: Ex Parte:                    x   Date: July 22/2015
  Richard HENRY MAXEY          x
  TDCJ-ID# 1899548                x   Cause No. 10-01864-CRF-85-A
  Pro/se, -Relator-                   x
                                          x   REQUEST for TRANSMITTAL of the
                                          x   ARTICLE 11.07 Habeas Corpus Record
                                          x   TO the Court of Criminal APPEALS, TX

Dear Mr. Hamlin,
        Respectfully, I would Request, Pursuant To Texas Code of
Criminal Procedure Article 11.07 Sec. 3(c), for the transmittal
of the Application for writ of Habeas Corpus, Any Answers filed,
And a Certified Reciting the date upon Which that finding
Was made, in the Above-Entitled And Numbered Cause.
        As of date, I have Recieved No Response from Respondent,
No Transmittal of A Copy of the Application for Writ of Habeas
Corpus, Any Answers filed And A Certified Reciting the date
Upon Which that finding Was Made to the Court of Criminal
Appeals.
        Therefore, Relator Respectfully Requests, that With All diligence
the Above Performance by Rule (ART. 11.07 3(c)) be Made And Process
be Transmitted to the Texas Court of Criminal Appeals

CC:By: RHM
date: July 22/2015
To: Hon. Marc Hamlin, Dist. CLRK.

Respectfully Submitted:
Richard H. Maxey
Richard H. Maxey
TDCJ-ID# 1899548

## Certificate of Service

Pursuant to Dualord VS Foti 828 F2d. 297 (5th Cir. 1987) I declare under the Penalty of Perjury, that the foregoing and herein is True and Correct

Executed on this 22nd day of July / 2015

CC By: RHM
Date: July 22 / 2015
To: Hon. Marc Hamlin, District Clerk
Bazos Co. TX.
File:

Respectfully Submitted
Richard H. Maxey
Richard H. Maxey
TDCJ-ID # 1899545
Pack Unit TL-2-82
2400 Wallace Pack Rd.
Navasota, TX 77868



Brazos County

**Marc Hamlin**
*District Clerk*

300 E. 26th St., Suite 216
Bryan TX 77803
(979) 361-4240
(979) 361-0197 fax

May 19, 2015

MAXEY, RICHARD HENRY, TDCJ# 1899548
Pack Unit TL2-82
2400 Wallace Pack Rd.
Navasota, TX 77868

Certified Mail Rec# 70133020000170076216

RE:   Cause No. 10-01864-CRF-85-A
The State of Texas vs. MAXEY, RICHARD HENRY

Dear Mr. Maxey:

Enclosed herewith is a copy of the Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under Code of Criminal Procedure, Article 11.07 in the above-numbered and styled cause from Brazos County, Texas.

I appreciate your attention to this matter.

Very truly yours,

**Marc Hamlin/TK**
Marc Hamlin,
District Clerk

cc:   Doug Howell, III. ,Assistant D.A.     Hand Delivered

*Copy*

## COURT OF CRIMINAL APPEALS OF TEXAS
## APPLICATION FOR A WRIT OF HABEAS CORPUS
## SEEKING RELIEF FROM FINAL FELONY CONVICTION
## UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

### INSTRUCTIONS

1. You must use the complete form, which begins on the following page, to file an application for a writ of habeas corpus seeking relief from a final felony conviction under Article 11.07 of the Code of Criminal Procedure. (This form is not for death-penalty cases, probated sentences which have not been revoked, or misdemeanors.)

2. The district clerk of the county in which you were convicted will make this form available to you, on request, without charge.

3. You must file the entire writ application form, including those sections that do not apply to you. If any pages are missing from the form, or if the questions have been renumbered or omitted, your entire application may be dismissed as non-compliant.

4. You must make a separate application on a separate form for each judgment of conviction you seek relief from. Even if the judgments were entered in the same court on the same day, you must make a separate application for each one.

5. Answer every item that applies to you on the form. Do not attach any additional pages for any item.

6. You must include all grounds for relief on the application form as provided by the instructions under item 17. You must also briefly summarize the facts of your claim on the application form as provided by the instructions under item 17. Each ground shall begin on a new page, and the recitation of the facts supporting the ground shall be no longer than the two pages provided for the claim in the form.

7. Legal citations and arguments may be made in a separate memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not.

8. You must verify the application by signing either the Oath Before Notary Public or the Inmate's Declaration, which are at the end of this form on pages 11 and 12. You may be prosecuted and convicted for aggravated perjury if you make any false statement of a material fact in this application.

9. When the application is fully completed, mail the original to the district clerk of the county of conviction. Keep a copy of the application for your records.

10. You must notify the district clerk of the county of conviction of any change in address after you have filed your application.

Rev. 01/14/14

Case No. _____
(The Clerk of the convicting court will fill this line in.)

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

APPLICATION FOR A WRIT OF HABEAS CORPUS
SEEKING RELIEF FROM FINAL FELONY CONVICTION
UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

NAME: _Richard Maxey_____

DATE OF BIRTH: _July 15 / 1965_____

PLACE OF CONFINEMENT: _TDCJ-ID, Pack 1 Unit, Navasota, Texas_

TDCJ-CID NUMBER: _1899548___ SID NUMBER: _TX. 07155363_

(1)  This application concerns (check all that apply):

☐ a conviction              ☐ parole

☑ a sentence               ☐ mandatory supervision

☐ time credit              ☐ out-of-time appeal or petition for
                              discretionary review

(2)  What district court entered the judgment of the conviction you want relief from?
     (Include the court number and county.)

     _In the 85th District Court, Brazos County, Texas_

(3)  What was the case number in the trial court?

     _Cause No. 10-01864-CRF-85 CutI._

(4)  What was the name of the trial judge?

     _Honorable, J.D. Langley - Retired_

Rev. 01/14/14

(5)     Were you represented by counsel?  If yes, provide the attorney's name:

_Craig Greening, Brazos, County, Texas_

(6)     What was the date that the judgment was entered?

_November 15 / 2013_

(7)     For what offense were you convicted and what was the sentence?

_Possession of Marijuana - 5$^{LBS}$ to 50$^{LBS}$, 8yrs. TDCJ-ID_

(8)     If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?

_N/A_

(9)     What was the plea you entered? (Check one.)

☑ guilty-open plea          ☐ guilty-plea bargain
☐ not guilty                ☐ *nolo contendere*/no contest

If you entered different pleas to counts in a multi-count indictment, please explain:

_N/A_

(10)    What kind of trial did you have?

☑ no jury                   ☐ jury for guilt and punishment
                            ☐ jury for guilt, judge for punishment

2

(11)  Did you testify at trial?  If yes, at what phase of the trial did you testify?

_____ N/A _____

(12)  Did you appeal from the judgment of conviction?

☐ yes                    ☑ no

If you did appeal, answer the following questions:

(A)  What court of appeals did you appeal to?  _____ N/A _____

(B)  What was the case number?  _____ N/A _____

(C)  Were you represented by counsel on appeal? If yes, provide the attorney's name:

_____ N/A _____

(D)  What was the decision and the date of the decision?  _____ N/A _____

(13)  Did you file a petition for discretionary review in the Court of Criminal Appeals?

☐ yes                    ☑ no

If you did file a petition for discretionary review, answer the following questions:

(A)  What was the case number?  _____ N/A _____

(B)  What was the decision and the date of the decision?  _____ N/A _____

(14)  Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

☐ yes                    ☑ no

If you answered yes, answer the following questions:

(A)  What was the Court of Criminal Appeals' writ number?  _____ N/A _____

3

Rev. 01/14/14

(B) What was the decision and the date of the decision? _____ —N/A—

(C) Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

— N/A —

(15) Do you currently have any petition or appeal pending in any other state or federal court?

☐ yes          ☑ no

If you answered yes, please provide the name of the court and the case number:

— N/A —

(16) If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☐ yes          ☑ no

If you answered yes, answer the following questions:

(A) What date did you present the claim? _____ —N/A—

(B) Did you receive a decision and, if yes, what was the date of the decision?

—N/A—

If you answered no, please explain why you have not submitted your claim:

Not a Time Credit issue, that TDCJ Time Credit Resolution can Address at this Stage of Process Seeking Relief. ___ ‑‑‑

4

Depending the OUTCOME OF EXHIBIT (A). ATTAched hereto, Will deTermine, by ORder OF the Court, how TDCT-Time Credit Resolution System And Classification Will Adhere to the Specific Performance to Resolve issue of fact AT BAR - - - - - —

(17) Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.* If you have more than four grounds, use pages 14 and 15 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence. The recitation of the facts supporting each ground must be no longer than the two pages provided for the ground in the form.

You may include with the form a memorandum of law if you want to present legal authorities, but the Court will *not* consider grounds for relief set out in a memorandum of law that were not raised on the form. The citations and argument must be in a memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

5

Rev. 01/14/14

**GROUND ONE:**

Due Process of Law and Equal Protection Question. "A Sentence" Range of Punishment of Sentence May be illegal And Void

**FACTS SUPPORTING GROUND ONE:** To avoid Repeativeness, Applicant Attaches Exhibits (A) and (B)., To this Vehicle Process Application For Writ of Habeas Corpus. Both Exhibits (A) and (B). in their Legal Nature And Content will Res-ipsa-loquitur. That When Tested, With the Entire Trial Court Records, Applicant Request for Specific Performance of Exhibit (A). That it may be found, that the Range of Punishment, of Record Appears to be illegal And Void, Giving Rise to A Due Process of Law Question.

Applicant believes by information, that there Are Substatial Contraverted Facts of the trial Records, that Are Material to the Legallity of Applicants Plea of Guilty And Subsequent Confinement. Therefore, May Very Well have been Prejudicial to Applicant.

Rev. 01/14/14

EXHIBIT (A). Motion Nunc Pro Tunc Perfecting Judicial Notice of a Material Issue of Fact Concerning Range of Punishment, VI. Prayer and Relief e. pg. (7). thereof, Continues to be urged hereto. That Applicant believes will Satisfy the Due Process of Law and Equal Protection Questions Today. — — — — — — — — — —

Please See: "Memorandum of Facts and of Law Supporting Article 11.07 Writ of Habeas Corpus, Attached hereto.

Rev. 01/14/14

**GROUND TWO:**

INEFFECTIVE ASSISTANCE OF COUNSEL

**FACTS SUPPORTING GROUND TWO:** Respectfully, Applicant Would Reserve Ground Two, for future Reference And to be Re-urged if Need Arises for Litibation at Necessary Prescribed time Accordingly.

8



Rev. 01/14/14

**GROUND THREE:**

Cruel and Unusual Punishment

Applicants Sentence harmfully Exceeds Mandated Punishment Range.

**FACTS SUPPORTING GROUND THREE:**

Again Respectfully, Applicant Would Reserve Ground THREE, for future Referrance And to be Re-Urbed if Need Arises for Litigation At Necessary Prescribed time Accendingly.

10

Rev. 01/14/14



11

**GROUND FOUR:**

_____

_____

_____

**FACTS SUPPORTING GROUND FOUR:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12.

Rev. 01/14/14



13

Rev. 01/14/14

**GROUND:**

_____

_____

**FACTS SUPPORTING GROUND:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____



14

Rev. 01/14/14



Rev. 01/14/14

Copy

In The 85th District Court
For Brazos County
Bryan, Texas

To: Honorable, Marc Hamlin
District Clerk

Ex Parte: Richard Maxey          x   Date: May 15, 2015
         TDCJ-ID #1899548        x   Cause No: 10-01864-CRF-85 ct2
         Applicant - Pro/se      x   Application For Texas Code of Criminal
                                 x   Procedure, Article 11.07 Writ of
                                 x   Habeas Corpus
                                 x

Dear Mr. Hamlin,

Enclosed, Please find I, Richard Maxey, TDCJ-ID #1899548, Applicant-Pro/se, in the Above-Entitled And Numbered Cause, "Application For Texas Code of Criminal Procedure, Article 11.07 Writ of Habeas Corpus, Exhibits (A) and (B). With Memorandum in Support, which I Ask that You File of Record on My behalf in Proper form.

In Addition I Respectfully Request, that You make Available A Copy of Same Process to that of the District Attorney And to Myself, Stamped Filed and Returned. — — — —

cc By: RM.                        Respectfully Submitted:
Date: May 15, 2015               Richard Maxey
To: Hon. Marc Hamlin                Richard Maxey
     Dist. Clerk, Brazos, Co. Tx.   TDCJ-ID #1899548
     File:                          Pack Unit     TC 2-82
                                    2400 Wallace Pack Rd.
                                    Navasota, Tx. 77868

EXHIBIT
A.

IN THE 85th District Court
Brazos County, Texas

Office of Honorable, MARC HAMLIN
District Clerk

EX/PARTE: Richard MAXEY    X    DATE: FEBRUARY 28 /2015
     TDCJ-ID # 1899548    X
     MOVANT - PRO/SE    X    CAUSE No. 10-01864-CRE-85 CNT.1
                       X
                       X    MOTION NUNC PRO TUNC PERFECTING
                       X    JUDICIAL NOTICE OF A MATERIAL ISSUE
                       X    OF FACT CONCERNING RANGE OF PUNISHMENT
                       X

Dear Mr. HAMLIN,

     Enclosed, Please find, the Original And one copy of
I, Richard MAXEY, TDCJ-ID #1899548, Movant-Pro/se, Motion Nunc Pro
Tunc Perfecting Judicial Notice OF A Material issue of Fact Concerning
Range of Punishment, Order And Certificate of Service, Which I ask
that You file of Record on My behalf.

     By Copy of this Process, Please make Available Same to the
States Attorney Jason Goss, Stamped Filed And Returned to Movant
in Proper Form.

CC BY: R.M.
Date: 2 /28/2015
TO: D.A. Jason Goss, Brazos Co. TX
Then Dist. Clerk Marc Hamlin
File:

Respectfully Submitted:
Richard Maxey
Richard MAXEY
TDCJ-ID # 1899548
Pack 1 Unit
2400 Wallace Pack Rd.
Navasota, TX. 77868

IN THE 85th DISTRICT COURT
BRAZOS COUNTY, TEXAS

IN RE: EX PARTE: Richard MAXEY          X     DATE: FEBRUARY 28 , 2015
        TDCJ-ID #1899548                 X
        Movant-Pro/Se                    X     CAUSE NO. 10-01864-CRF-85 CNT 1
                                         X
                                         X     Motion Nunc Pro Tunc Perfecting
                                         X     Judicial Notice of a Material Issue of
                                         X     Fact Concerning Range of Punishment
                                         X

_____

Motion Nunc Pro Tunc Perfecting Judicial Notice
of a Material Issue of Fact Concerning Range of
Punishment

To The Honorable Judge of Said Court:

    Now Comes I, Richard Maxey, TDCJ-ID #1899548, Movant-Pro/Se
in the Above-Entitled And Numbered Cause No. 10-01864-CRF-85 CNT1,
Respectfully, With "Motion Nunc Pro Tunc Perfecting Judicial Notice
of A Material Issue of Fact Concerning Range of Punishment" And Would
Represent As Follows:

(I).
Jurisdiction

    This honorable Court has the Original Plenary Power to hear
the foregoing And herein Motion Pursuant to Texas Rules of Civil Pro-
cedures Rule 21. Motion, Rule 329 b(f); Tex. R. App. Proc. Rule 23(a). Judgment
And Sentence; Tex. R. Evid. Rule 201(a)(b)(c) Judicial Notice of Rule 103(d).
Fundamental Error, Article III. Relevancy And it's Limits Rule 401-402;
And Texas Constitution Article 1 § 19, And 5th And 14th Amendments-Due Process
of Law And Equal Protection of the United States Constitution.

Pg(1).

## (II).

### Nunc Pro Tunc Proceeding

Movant, Respectfully Request of the Court to Perform a Nunc Pro Tunc Proceeding Perfecting Judicial Notice, that a material issue of Fact is of Record - OR - is Silent of the Record, that may have Created a due Process And Equal Protection of Law Question Going to the issue of Punishment Only And the Rendering of ___ "Judgment And Sentence" of instant Case at Bar, Where the Punishment of the Sentence Exceeds the Statutory Maximum of Time. the Prescribed Penal Code § 481.121 (3). Mandates Pursuant to the Amount in Weight of Marijuana involved. ___ Movant believes by information And by Law Sentence May be Corrected And Reformed in A Clerical Manner, Only After this honorable Courts findings And Order to issue in its Referrance to Relief Sought hereafter. See: B.Z.B. Inc. v. Clark 273 S.W. 3d. 899 (2012) on Subsequent Appeal (2012) WL. 353783. ___ Also "Any Sentence which ___ Exceeds the Amount of time Specified in the Penal Code is Void". See: STATE COUNSEL FOR OFFENDERS - Legal Handbook (SCFO) Texas Department of Criminal Justice November 2010 Volume 1 of 2 ___ @ 78 § 4.23 Void Sentences And Enhancement Problems (A).(1). Sentence Void / Reformable Nunc Pro Tunc. ___ ___ ___

## (III).

### Judicial Notice of A Material issue of Fact Concerning Range of Punishment

Pursuant TO Texas Rules of Evidence Rule 201(a)(b)(c)., Movant Would Request Judicial Notice of Adjudicative Facts And Pursuant to Tex. R. Evid. Rule 103 (d). the Court take Notice, that A ___ Fundamental Error in this instant Case May have Occurred

... involving the Punishment Range imposed at Judgment and Sentencing Stage of the Trial Court on 11/15/2013 date — Judgment Entered... The Statute of the Offense governing is Section 481.121 Health and Safety Code And the fact of an Available Lesser included offense for which 481.121(b) Contains is in Question at bar.... Pursuant to the Prescribed Guidlines Setforth in Tex. Rule of Criminal Procedure Rule 37.08 And 37.09 (1) (2). ... The Sentencing Court May Have failed to Render Punishment And Pronounce Sentence, that Would Comport with Sentencing Guidelines-or- Punishment Range Contained Within Sec. 481.121(b). When Considering the Amount in Weight of the Evidence, being Marijuana; that Would Support for fact that to Render a Finding of Lesser included offense Would Not have been Unreasonable.— Therefore, Movant believes by — information Produced by Law, the Ongoing Range of Punishment of Sentence May be illegal and Void.

(A).

<u>STATEMENT OF FACT</u>

(1). On 11/15/2013, date Sentence imposed, the honorable Justice <u>J.D. Langley</u>. Asked the Recorded Question, "Why hasn't this Marijuana been Weighed?" ... The date of offense was 1/15/2010, thereby, 3 yrs 10 months had Surpassed. Therefore, it may be — Concluded, that the exact Amount in Weight of Marijuana was Not by Due Process, Stipulated in the Evidence As Procedurally mandated at the time Sentence was imposed. Therefore Causing Trial Court Record to be Silent of A Substantial Material of Fact that May Give Rise to A Colorable Fundamental Error Question and further the Punishment Range of Sentence At its legality.

Pg (3).

-- The Amount of Weight of Marijuana offense Charged, was at 4.7 LBS or Pursuant to Statute of Offense 481.121(3) As opposed to 481.121(4), As Sentence imposed for a 3rd degree Felony. The fact that Range of Punishment Should have been imposed under State Jail Guidelines, 481.121(3), is Obvious to Compare With the Amount in Weight Shown of Record by the Texas Board of Pardons And Parole, Ex/Post-facto And As Follows: _ _ _ _ _ _

(2). Most Recently on January 7/2015, Movant was interviewed for Parole Purposes by Mrs. Melissa Doolan, Representing Review 6. Huntsville Parole Office. It Was during the interview, that Movant First became Aware And Stipulated in Parole File, that the Amount in Weight of Marijuana being Charged for was 4.7 LBS, that Only is Governed by 481.121(3) Health and Safety Code and Punishment Can Only Carry State Jail Punishment. Therefore Movant's Punishment for 481.121(4) 3rd degree Felony May have been Erroneously imposed and is in fact Void.

Movant is Not Aware of An Amount in Weight being Stipulated during ANY Portion of Trial Courts Proceedings from date of Arrest 1/15/2012 to 11/15/2013 id. supra. date of _ _ Sentence imposed. Therefore, if the Trial Court Records in fact Stipulate the Evidence of the Amount in Weight of Marijuana for Legally Classifying Punishment Range Purposes, then the Texas Board of Pardons and Parole Fact of Record Showing 4.7 LBS Must Match Exactly. The Question Today is, What Amount in Weight Can be Proven on Record was Utilized to Gain the ongoing Erroneous 3rd degree Felony Punishment Range of Sentence imposed?

## IV.

### Texas Rule of Evidence Article IV. Relevancy And it's Limits Rule 401-402

Pursuant to Rule 401-402, Movant believes by intervention, that Relevant Evidence of A Substantial Material issue of Fact Exist within the Texas Board of Pardon And Paroles Record Pertaining To All Facts of Movant And instant Case At Bar Ex Post-Facto And Consequently After this honorable Courts taking Judicial Notice of An Adjudicative Fact of Record Stipulated within the instrument "Judgment And Sentence of Conviction by Court-Waiver of Jury Trial," "Stipulation of Evidence" by due Process of Procedural Law, Compared to the Record of the Texas Board of Pardon And Paroles [ Signed-off by <u>Melissa Doolan</u>, Region 6 Huntsville Office <u>January 7/2015</u> ] Is More Probable than Not A Controverted And Unresolved issue of Fact, that When Tested, May have Affected the Legality of Movant's Ongoing Confinement, that May be Resolved by Clerical Adjustment Upon <u>Order</u> of this honorable Court. — In the Alternative, Ex Parte: <u>Seidel</u> 39 S.W. 3d 221, 225 N. 4 (Tex. Crim. App. 2001) — Explains that A Punishment Exceeding the Statutory Maximum Renders the Judgment <u>Void</u> because it is illegal. In Cases in which a defendant Enters A Plea of Guilty or Nolo Contendere As instant Case, without the benefit of A Plea bargin And the Trial Judge Assesses Punishment Not Authorized by Law, the <u>Appropriate Remedy</u> is to Allow the finding of Guilt to Remain And to <u>Remand</u> the Case for A New Punishment hearing. Citing: <u>Rich</u>, 194 S.W. 3d. 508, At 514 (Tex. Crim. App 2006). — — — — — — — — — — — —

## I.
## Motion

Movant Respectfully Moves And Request of the Court to Remand this instant case for a New Punishment Range hearing that would Comport With Section 481.121(3). Health and Safety Code for a State Jail Felony. That by the Amount of Weight of Marijuana of Record by the Texas Board of Pardon and Paroles Showing 4.7 LBS (Note: There is No "Stipulation of Evidence" on District Clerks Record). Would Line-Up With Range of Punishment being Maximum 2 yrs and Not Less than 180 days. See: Mizell v. State 119 S.W. 3d. 804, 806 (Tex. Crim. App. 2003) [Sentance Outside Proscribed Punishment Range is Void and illegal] Also Buldez v. State 865 S.W. 2d. 26, 27 (Tex. Crim. App. 1993); Asberry v. State 813 S.W. 2d. 526, 531 (Tex. Crim. App. 1991)-Dallas 1991 Pet. Ref'd. Concerning Modifying Judgment in Referrance to Punishment Range to Sec. 481.12 (3) or 2 yrs Maximum for this instant Case at bar that looks to be illegal and Void. See Also: "Judgment" Court of Appeals Fifth District of Texas at Dallas Going To the case of James Terrance White - Appellant v. The State of Texas - Appellee No. 05-12-00815-CR. Modify, Reverse and Remand.

However, Movant believes, that by this honorable Courts Plenary Power, And based on Premises Above, A Clerical Modification or Readjustment of Punishment Range to 2 yrs Maximum to Comport With 4.7 LBS Amount in Weight of Marijuana, May be Proper And Secured Upon Order And Allowing the finding of Guilt to Remain, that would otherwise Avoid Bench Warranting Movant on Remand And Satisfying issue at Bar today. Be So Moved

## VI.
## Prayer and Relief

WHEREFORE, PREMISES Considered, Movant PRAYS, that the foregoing and herein "Motion Nunc Pro Tunc Perfecting Judicial Notice Of A MATERIAL ISSUE of FACT Concerning RANGE of Punishment, Will be deemed As Good And Sufficient.

It is further PRAYED, that to Avoid Remanding CASE, WHERE A Clerical Adjustment MAY be PROPER And Convient to the COURT, AN ORDER MAY issue that PLEA of Guilty Remains. THAT Punishment Range Will be Adjusted to 2 YRS. for A 3rd degree Felony... However, to Legally Comport With the only Amount in Weight of MARIJUANA Sec. 481.121(3) Health and SAfety Code As Shown by TEXAS BOARD of Pardons And Paroles Records AS 4.7 LBS, Would Legally Allow for Performance Of A STATE JAIL Felony 2 YRS. Maximum to ENSUE. That the LATTER being for A LEGAL Punishment RANGE Of SENTENCE to be CARRIED OUT And hereafter GRANTED. _ _ BE SO PRAYED _ _ _ _ _ _ _

RESPECTfully Submitted:
Richard Maxey
Richard MAXEY
TDCJ-ID #1899548
Movant - PRO/se

P.&(7).

## ORDER

It is ORDERED, that Movants "Motion Nunc Pro Tunc Perfecting Judicial Notice of A Material Issue of Fact Concerning Range of Punishment" be deemed as Good and Sufficient And that upon the Order of this Court the Relief Sought in this instant Case is hereby GRANTED.

It is Further ORDERED, that Plea of Guilty to the Charge in Cause No. 10-01864-CRE-85 Cnt.1 is to Remain. However, the Range of Punishment Pursuant to Sec. 481.121(3) of the Health and Safety Code, shall be Clarically Adjusted to the Maximum of 2 yrs. State Jail Felony to Hereafter be Proper by Law And Lecally Carried out and Satisfied. _ _ _

All Relief Sought Pursuant to the Foreboing And Herein Process is hereby GRANTED. _ _ Be So ORDERED_ _ _ _

EXECUTED on this _____ day of _____ / _____

_____
Judge Presiding

In The 85th Judicial District Court

For Brazos County

Bryan, Texas

Office of Honorable, Marc Hamlin

District Clerk

| | | |
|---|---|---|
| EX Parte: Richard Maxey | x | Date: March 18/2015 |
| TDCJ-ID #1899548 | x | |
| Movant - Pro/Se | x | Cause No. 10-01864-CRE-85 Co-Def |
| | x | Disposition IN RE: Motion Nunc Pro Tunc |
| | x | Perfecting Judicial Notice of A _ _ _ |
| | x | Material issue of Fact Concerning _ _ |
| | x | Range of Punishment |

Dear Mr. Hamlin,

Respectfully, I would Request the disposition Status Quo, of the most Recent filing of "Motion Nunc Pro Tunc Perfecting Judicial Notice of A Material issue of Fact Concerning Range of Punishment," dated: February 28/2015, in the Above-Styled And Numbered Cause. Specificly, has Motion been filed And docketed To be heard? Please disclose this information to Movant in Proper form.

In Addition, on March 17/2015, Movants Wife Deven Maxey made An inquiry with your office Requesting Movant's Trial Court Records in it's Entirity, that Would include All Discovery information, Going To ie. "Stipulation of Evidence, Lab Reports, Arrest Report and investigation, Warrants issued, Plea Agreements - Trial Court Procedure And Judgment And Sentence." -- She Was informed the Record Could Not be -- Released because they had Not been Signed. My Wife Produced "Power of Attorney" to Your office And DA's As Well.    over →

Respectfully, I would Request, that my Entire Trial Court be Produced. That Cost will be Paid by Mounts Wife. Thereafter, Records be Mailed by your office for the Purposes of Seeking Post-Conviction Relief depending on outcome of Motion id. supra. filed And to Avoid Any further Action through A Mandamus Process.

CC. By RM
Date: 3/18/2015
To: Hon. Marc Hamlin
      Dist. Clerk, Brazos County.

      File:

Respectfully Submitted
Richard A. Maxey
Richard Maxey
TDCJ-ID #1899548
Pack Unit TC 2-82
2400 Wallace Pack Rd.
Navasota, TX. 77868

IN THE 85TH DISTRICT COURT
FOR BRAZOS COUNTY, TEXAS

IN RE: EX PARTE: Richard Maxey    x    DATE: MAY 15/2015
        TDCJ-ID #1899548         x
        APPLICANT - PRO/SE       x    CAUSE NO. 10-01864-CRF-85 CNT.1
                                 x
                                 x    MEMORANDUM OF FACT AND OF LAW
                                 x    SUPPORTING ARTICLE 11.07 WRIT OF
                                 x    HABEAS CORPUS

_____

MEMORANDUM OF FACT AND OF LAW SUPPORTING
ARTICLE 11.07 WRIT OF HABEAS CORPUS

TO THE Honorable Judge Of Said Court:

      Enclosed Please find, 'Memorandum of Fact and of Law
Supporting Article 11.07 Writ of Habeas Corpus' and being the
Vehicle Giving this honorable Court the Plenary Power And
For Jurisdiction to take Judicial Notice And hear the Attached
EXHIBIT (A). "Motion Nunc Pro Tunc Perfecting Judicial Notice of A
Material issue of Fact Concerning Range of Punishment," that
WAS Previously filed through the Prison Mailing System on
FEBRUARY 28/2015, in Proper form. That in "GROUND ONE", of
ARTICLE 11.07 Application @ Pg (6), APPLICANT made Request of
this Court for "SPecific Performance" of EXHIBIT (A) and ___
would further Represent As follows: ___ ___ ___ ___ ___ ___ ___ ___

## (I).

## Case Law Supporting "Specific Performance"

Applicant Respectfully incorporates in support of Request in Ground One of Article 11.07 Application for "Specific Performance" the U.S. Supreme Court Case of LAFLER V. COOPER 132 S.Ct. 1376 (2012) U.S. Lexis @ Pg. 1376 "OVERVIEW" — "the APPROPRIATE REMEDY", that MAY APPLY to instant Case AT bar, Would be for A "Specific Performance" to Re-OFFER the Plea Bargin (instant case being Assessed Range of Punishment) Rather than Enforcing OnGoing Plea of Guilty to A Sentence that MAY be Void ... "OUTCOME" "The Judgment Upholding the Grant of the Writ of Habeas Corpus and directing that the Plea Bargin" (instant case, Sentence) "Enforced WAS VACATED And the Case WAS Remanded for Remedial Action".

It is Understood, that in this instant Case There WAS NO "Plea Bargin" in Original Process And that Judge J.D. Langley Assessed Punishment After Open-Plea of Guilty. HOWEVER, Applicant believes by information of LAFLER id Supra, MAY Give this honorable Plenary Power to Remedy instant Case by directing A "Specific Performance" of Applicants "Nunc Pro Tunc" Motion Exhibit (A). Pending, Which in All things MAY be Remedied by Clerical Re-Adjustment to Comport with the Punishment Range Mandated by law, that Would Apply to 4.73 LBS of Marijuana id. therein. — In the Alternative Remand instant Case for Resentencing only to Come into Authorized ART. 481.121 (3). Prescribes for STATE Jail Felonies. ___ __

Applicant does NOT Seek to Vacate the Conviction, only Re-Adjust Sentence to Legally Conform with Prescribed Range of Punishment, Considering the Amount in Weight of Marijuana being 4.73.²¹³⁵ [On Record of Texas Board of Pardons and Paroles and TDCJ-ID "Pen-Package/Travel Pack], If Not of Trial Court Records, Creating A Due Process of Law and Equal Protection Question AT BAR. Applicant Proposes Alinement of Sentence, that 481.121(3) Governs, Settleing With A 2 Year State Jail Felony to Ensue. That the Proper Authorities of Classification and Records of TDCJ-ID be Notified And Act Accordingly to This Courts ORDER issued And According to Law. ___ _

Respectfully Submitted:
Richard Maxey
Richard Maxey
TDCJ-ID # 1899578

PG(3).

## CERTIFICATE OF SERVICE

Pursuant to Duncan v. Foti 828 F2d. 297 (5th Cir. 1987) I declare under the Penalty of Perjury that the foregoing And herein is TRUE And Correct.

Executed on this 28 / day of February / 2015

CC. By. RM.
date: 2 / 28 / 2015
To: DA Jason Goss, Brazos Co.
And Dist. Att Clerk Marc Hamer
File:

Respectfully Submitted
Richard Maxey
Richard MAXEY
TDCJ-ID # 1892548
Pack 1 Unit
2400 Wallace Pack Rd.
Navasota, TX. 77868

PG(9).

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

## VERIFICATION

This application must be verified or it will be dismissed for non-compliance. For verification purposes, an applicant is a person filing the application on his or her own behalf. A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney. An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public. If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information." A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information." An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

**OATH BEFORE A NOTARY PUBLIC**

STATE OF TEXAS

COUNTY OF _____

_____, being duly sworn, under oath says: "I am the applicant / petitioner (circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according to my belief, the facts stated in the application are true."

_____
Signature of Applicant / Petitioner (circle one)

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____, 20 _____.

_____
Signature of Notary Public

16

Rev. 01/14/14

**PETITIONER'S INFORMATION**

Petitioner's printed name: _Richard Maxey_

State bar number, if applicable: _— N/A —_

Address: _Richard Maxey, TDCJ-ID #1899548_
_Pack I Unit_
_2400 Wallace Pack Rd. Navasota, TX. 77868_

Telephone: _— N/A —_

Fax: _— N/A —_

**INMATE'S DECLARATION**

I, _Richard Maxey 1899548_, am the applicant / petitioner (circle one) and being presently incarcerated in _TDCJ-ID Pack I Unit TC_, declare under penalty of perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on _May, 15th_, 20 _15_

_Richard Maxey_
Signature of Applicant / Petitioner (circle one)

17

**PETITIONER'S INFORMATION**

Petitioner's printed name: _Richard Maxey #1899548_

Address: _Pack I Unit_

_2400 Wallace Pack Rd._

_Navasota, TX. 77868_

Telephone: _—N/A—_

Fax: _—N/A—_

Signed on _May, 15th_, 20 _15_

_Richard Maxey_

Signature of Petitioner

18

Rev. 01/14/14